T.C. Summary Opinion 2010-48

UNITED STATES TAX COURT

PAUL NELSON WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9283-08S.                    Filed April 15, 2010.

Paul Nelson White, pro se.

<u>Orsolya Kun</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,707 deficiency in petitioner's Federal income tax for 2006. The issue for decision is whether petitioner is entitled to dependency exemption deductions for his two children.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York when he filed his petition.

Petitioner married Jeannette B. Gonzalez (Ms. Gonzalez) in June 1989 in a religious ceremony. Around this time, petitioner began working for the State of New York as a corrections officer, a job at which he continued to work as of trial. Petitioner and Ms. Gonzalez had two children together, Crystal born in April 1988 and Paul born in August 1989.

During the marriage Ms. Gonzalez earned a 2-year degree in nursing from Bronx Community College. She worked for North Central Bronx Hospital and then for a private home healthcare company. Ms. Gonzalez abruptly stopped working in 2003 claiming injury and illness. She also abruptly left the marital home with the two children in September 2003, moving to Florida, and later asserting petitioner's constructive abandonment.

Petitioner has had no direct contact with Ms. Gonzalez since she left their home in 2003. In subsequent family court proceedings Ms. Gonzalez would not produce Forms W-2, Wage and Tax Statement. She claimed that she was unemployed, but petitioner believes Ms. Gonzalez was working as a nurse in Florida. Near the end of 2006 Ms. Gonzalez returned to New York, residing in Yonkers with Crystal and Paul.

The children maintained telephone contact with petitioner. However, other than a prearranged visit to the children in Florida in 2004 and a chance encounter in Yonkers, petitioner has not seen Crystal or Paul since Ms. Gonzalez took them to Florida.

From Florida, Ms. Gonzalez initiated a separation petition in October 2004, culminating in entry on August 1, 2005, of a "Final Order of Support" by the Family Court of the State of New York in the County of Bronx, New York. The order required petitioner to make biweekly child support payments of $541, pay retroactive child support of $8,128.11, and provide health insurance coverage for the children until they each reach age 21.

The New York Supreme Court for Bronx County entered a "Judgment of Divorce" on October 27, 2006, incorporating petitioner's child support obligation from the August 1, 2005, support order. Additionally, the judgment of divorce provided the following provision regarding custody of the children:

> The children of the marriage now reside with Plaintiff [Ms. Gonzalez].  The Plaintiff [Ms. Gonzalez] shall have custody of the children of the marriage * * *.  The Defendant [petitioner] is entitled to visitation away from the custodial residence.

Petitioner remains current on his child support payments, which his employer deducts automatically from his paycheck. Petitioner continues to send additional money and presents, such as computers and iPods, to his children.  Petitioner attempted to visit the children, but Ms. Gonzalez refused his requests and evaded his attempts to serve her with summonses to enforce his visitation rights.

The judgment of divorce was silent as to which parent is entitled to claim the dependency exemption deduction for each child.  In anticipation of claiming the children as dependents on his 2006 Federal income tax return, petitioner contacted the Internal Revenue Service (IRS).  An IRS agent suggested that petitioner send a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to Ms. Gonzalez. Petitioner sent the form to Ms. Gonzalez, but he never received it back.  The record is silent as to the address to which petitioner mailed the form.  Petitioner informed the IRS of Ms. Gonzalez's nonresponse, and another IRS agent suggested that he submit a Form 3949 A, Information Referral, to the IRS formally notifying the IRS of the nonresponse.  Petitioner complied.

Petitioner filed his 2006 Federal income tax return as single. He reported wages of $103,612, interest of $900, and a State income tax refund of $274, for total and adjusted gross income of $104,786. He deducted itemized deductions of $25,432, and three exemptions totaling $9,900 consisting of an exemption for himself and dependency exemption deductions for his two children. Petitioner did not attach a Form 8332 or any statement to his return with respect to the children. Respondent issued a notice of deficiency disallowing the two dependency exemption deductions.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a) the burden may shift to the Commissioner regarding factual matters if the taxpayer produces credible evidence and meets the other requirements of the section. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements. Petitioner therefore bears the burden of proof.

Petitioner's main contentions are that he is entitled to dependency exemption deductions for Crystal and Paul for 2006 because: (1) He paid a large sum of money toward their support

during 2006, principally $14,066 ($541 times 26 payments) in child support payments, an additional amount for their inclusion on his health insurance policy at work, and gifts; and (2) he followed all the instructions respondent provided to claim the dependency exemption deductions, particularly mailing the Form 8332 to Ms. Gonzalez asking for her waiver of the deduction.

On the other hand, respondent asserts that petitioner is not entitled to dependency exemptions deductions for Crystal and Paul for 2006 because Ms. Gonzalez was the custodial parent of the children in 2006, and consequently petitioner had a statutory requirement to attach, but did not attach, documentation to his 2006 Federal income tax return establishing that Ms. Gonzalez had waived her claim to the exemptions. We now turn to analyzing the parties' contentions.

Generally, a taxpayer is entitled to claim as a deduction an exemption amount for each of his or her dependents. Sec. 151(c). The definition of a dependent includes a qualifying child or a qualifying relative. Sec. 152(a). Pertinent here, a qualifying child is an individual who is a child of the taxpayer, shares the same principal place of abode as the taxpayer, has not attained the age of 19 or is a student and has not reached age 24 at the close of the calendar year, and has not provided over one-half of his own support. Sec. 152(c); Brissett v. Commissioner, T.C. Memo. 2003-310.

In applying these requirements to Crystal and Paul, we find that at no time during 2006 did Crystal or Paul share the same principal place of abode as petitioner.  Therefore, the children did not satisfy the place of abode test of section 152(c)(1)(B) with respect to petitioner for 2006.  Consequently, neither child was petitioner's qualifying child for 2006.

Turning to the definition of a qualifying relative, the individual must:  (1) Bear a relationship to the taxpayer that is defined in section 152(d)(2); (2) have income less than the exemption amount; (3) have the taxpayer provide more than one-half of the individual's support for the year; and (4) not be a qualifying child of the taxpayer or any other taxpayer for the year.  Sec. 152(d)(1).  Crystal and Paul bore the proper relationship to petitioner; they are his children, satisfying the relationship test set forth in section 152(d)(2)(A).  However, petitioner did not provide sufficient evidence regarding the other three requirements.  Because Crystal was age 18 and Paul was age 17, in 2006 they each may have earned more than the exemption amount from a summer job or other employment.  Similarly, although petitioner paid more than $14,066 to support the children, we do not have information regarding the children's total support.  Ms. Gonzalez apparently furnished housing, food, and possibly other amounts toward their support.  Additionally, petitioner did not provide evidence regarding the fourth

requirement, that the children were not the qualifying children of any other taxpayer for the year. See sec. 152(d)(1)(D). Because petitioner has the burden of proving his entitlement to a deduction, and because he did not establish the elements necessary to claim the children as his qualifying relatives, we conclude they are not.

Notwithstanding the above results, petitioner still has a possibility to claim a dependency exemption deduction under section 152(e), which provides a special rule for children of divorced parents. Under section 152(e)(1), as relevant here, a noncustodial parent may treat a child as a qualifying child, notwithstanding the failure to satisfy the place of abode test of section 152(c)(1)(B), if the parents provided over one-half of the child's support, the parents are divorced, and the parents lived apart at all times during the last 6 months of the year. Section 152(e)(2) adds a requirement that "the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs.,[1] 49 Fed. Reg. 34459 (Aug. 31,

---

[1]Temporary regulations are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

1984); see also <u>Miller v. Commissioner</u>, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002).  The declaration must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332.  <u>Miller v. Commissioner</u>, <u>supra</u> at 189; <u>Brissett v. Commissioner</u>, <u>supra</u>.

Form 8332 requires a taxpayer to furnish:  (1) The name of the child, (2) the specific years of release, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the noncustodial parent claiming the exemption.  <u>Miller v. Commissioner</u>, <u>supra</u> at 190.

Petitioner did not attach a Form 8332 or any declaration to his 2006 Federal income tax return indicating that Ms. Gonzalez consented to releasing her claim to the exemption.  Because section 152(e) requires strict compliance, the failure to attach Form 8332 or a conforming declaration is sufficient grounds to deny the deduction.  See <u>Brissett v. Commissioner</u>, <u>supra</u>. Accordingly, petitioner does not qualify for a dependency exemption deduction for 2006 under the exception to the residency requirement that section 152(e) provides.

We note further that because Crystal was born in April 1988, she reached age 18 in April 2006.  When a child reaches the age

of majority, the child is no longer in the custody of either parent. <u>Boltinghouse v. Commissioner</u>, T.C. Memo. 2007-324. In Florida and New York, Crystal's two States of residence during 2006, age 18 is the age of majority. Fla. Stat. Ann. sec. 743.07 (West 2005); NY Dom. Rel. Law sec. 2 (McKinney 1999); NY Fam. Ct. Act sec. 119(c) (McKinney 2008); NY Gen. Oblig. Law sec. 1-202 (McKinney 2001); <u>Fankhanel v. Commissioner</u>, T.C. Memo. 1998-403 (discussing age 18 emancipation in Florida as rendering section 152(e) inoperable), affd. without published opinion 205 F.3d 1333 (4th Cir. 2000); <u>Prinze v. Jonas</u>, 345 N.E. 2d 295, 298 (N.Y. 1976). Therefore, even if petitioner had attached a waiver form from Ms. Gonzalez, section 152(e) was unavailable with respect to Crystal for 2006 because Crystal had become emancipated under State law.

In summary, we sympathize with petitioner because he has not been able to visit his children, and we commend petitioner's ongoing financial and parental support of his children despite difficult circumstances. Unfortunately however, for the reasons explained above, petitioner has not meet the requirements to support his claim for dependency exemption deductions for 2006.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we conclude they are without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.